original

1 | Krystal and Jason Wood

2 | 1200 38th St Apt 113

3 | Bakersfield Ca 93301

4 | 661-900-6142

FILED

APR 0 2 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

5 |

6 | **IN THE UNITED STATES DISTRICT COURT**

7 | **EASTERN DISTRICT OF CALIFORNIA**

8 | Krystal Wood, an individual,

9 | Jason Wood, an individual,

     Plaintiffs,

10 |

11 | v.

     **JURY TRIAL DEMANDED**

12 |

13 | KERN COUNTY CHILD PROTECTIVE

14 | SERVICES, a California corporation;

     BAKERSFIELD MEMORIAL

15 | a California corporation; DAVID RIEL,

16 | individually; Kern County Sheriff's

17 | Department, a California corporation;

18 | GRACE ABAYA, individually;

19 | JENNIFER WEISBURG, individually; JAN

20 | WHEELER, individually; JASON MONTEZ,

21 | individually; DOES 1 through 50, inclusive

22 | Defendants

1: 1 4 CV - 0 0 4 7 2 - - - JLT

**Case No. COMPLAINT FOR DAMAGES**

**COMPLAINT:**

**CLAIM 1: 42 U.S.C. § 1983**

**CLAIM 2: Monell-Related Claims**

23 |

     Plaintiff, KRYSTAL WOOD, ("Plaintiff," "Krystal Wood" or

24 | WOOD") respectfully represents and alleges as follows:

1.  At all times relevant to this Complaint, Plaintiff was a resident of the COUNTY OF KERN, California. Plaintiff is the mother of the minor. At the time the incidents giving rise to the causes of action in the Complaint occurred, Christopher Cannon was 3, Alissa Jordan was 2, and Katelyn Cannon was 7 months old.

2.  At all times applicable herein, the COUNTY OF KERN was and is a public entity ("Kern County").

3.  At all times applicable herein, the KERN COUNTY DEPARTMENT OF HUMAN SERVICES ("DHS") was and is a subdivision or entity of the COUNTY OF KERN.

4.  At all times applicable herein, the KERN COUNTY CHILD PROTECTIVE SERVICES ("CPS") was and is a subdivision or entity of KERN COUNTY DEPARTMENT OF HUMAN SERVICES.

5.  At all times applicable herein, social worker JASON P. MONTEZ ("Jason Montez" or "Montez") was an officer, agent, and/or employee of Kern County and DHS.

6.  At all times applicable social worker JENNIFER WEISSBURG ("Jennifer Weissburg" or "Weissburg") was an officer, agent, and/or employee of Kern County and DHS.

7.  At all times applicable herein, social worker JAN WHEELER ("Jan Wheeler" or "Wheeler") was an officer, agent, and/or employee of Kern County and DHS.

8.  At all times applicable herein, social worker GRACE ABAYA("Grace Abaya" or "Abaya") was an officer, agent, and/or employee of Kern County and DHS.

9.  At all times applicable herein, Defendant DAVID RIEL ("Dr. Riel") was an individual residing, on information and belief, in Kern County.

10. At all times applicable herein, Defendant BAKERSFIELD MEMORIAL HOSPITAL ("Bakersfield Memorial Hospital") was, on information and belief, a corporation organized and existing under the laws of the State of California and is and was qualified to do business in California.

11. At all times applicable herein, Defendant KERN COUNTY SHERIFF'S DEPARTMENT (Kern County Sheriff's Department) was, on

information and belief, a corporation organized and existing under the laws of the State of California and is and was qualified to do business in California.

12.    Plaintiffs are informed and believe and on such basis allege that each of the above named parties was and is the agent, employee, principal, employer and/or co-conspirator of each of the remaining defendants and/or vice versa. In addition, Plaintiffs are informed and believe and on such basis allege that the defendants named hereinabove, and each of them, are responsible in some manner for the occurrences herein alleged, and that each of the above named defendants conspired with, and/or aided and/or abetted and/or jointly collaborated with each of the remaining defendants and identified persons in committing the acts herein alleged.

13.    Plaintiffs are informed and believe and on such basis allege that each of the above named defendants and settling co-conspirators was acting under color of law in committing the acts herein alleged, and that in doing the things herein alleged defendants, and each of them, were acting within the course and scope of their duties as employees or agents of each other.

14.    Plaintiffs are ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 50, and for that reason have sued such Defendants under such fictitious names. Plaintiffs reserve their rights, and will seek leave of Court to amend this Complaint to identify said Defendants when their identities have been ascertained. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named Defendants was in some manner liable and legally responsible, in that their conduct caused the damages and injuries set forth herein. Plaintiffs are ignorant of the true names and capacities of those Defendants sued herein as and for that reason have sued such Defendants under such fictitious names. Plaintiffs reserve their rights, and will seek leave of Court to amend this Complaint to identify said Defendants when their identities have been ascertained. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named Defendants was in some manner liable and legally responsible, in that their conduct caused the damages and injuries set forth herein.

15.    Plaintiffs are informed and believe and on such basis allege that at all relevant times, Defendants, and each of them, were the knowing agents and/or alter egos of one another, and that Defendants directed, ratified, and/or approved the conduct of each of the other Defendants, and each of their agents or employees, and are therefore vicariously liable for the acts and omissions of their co defendants, their agents and employees, as more fully alleged herein. Moreover, all of the

1   Defendants and identified persons agreed upon, approved, ratified, and/or conspired

2   together to commit all of the acts and/or omissions alleged in this Complaint.

3                                   COMMON ALLEGATIONS

4        16.       On July 10, 2007 I left my children with the Robin Clancy, the

5   babysitter, in order to attend a MANDATORY CALWORKS APPOINTMENT.

6   Jason Wood has classes the same time at Ebony Counseling Center weekly.  The

    appointment for me was scheduled from 8:00 to 3:00 pm for two days.

7
    Robin offered to babysit the children, and had been a long time family friend.  I
8   dropped the children off at Econolodge on Knudsen Dr.  She was recently displaced

9   from her home due to a fire.  She had all the necessities needed to care for the

    children.  I was not informed when I came back later that day that my daughter
10  Alissa had fallen by the swimming pool railing.  I was only told that she did not nap.

11  My other two children Christopher and Katelyn were having fun in the pool with

12  Mrs. Clancy relatives.  I gathered the children from the pool and went to gather their

    things from the hotel room.  Alissa had swim floatation devices on her arms.  The
13  other two children were in the process of being placed in the car while I was getting

14  their things.  Alissa was crying, and I assumed she was tired.  I tried to take the

15  floatation devices off and she was hesitant to let me take the right arm device off.  I

    carefully took it off, and continued to get their things ready to leave.  I sent Alissa to
16  the car where Jason Wood was waiting to put her in her car seat.  We got the

17  children and their things in the car, and on the way home Alissa fell asleep.  When

    we got home we noticed that her right arm wasn't moving properly, and so we
18  immediately rushed her into the hospital.

19       17.       We took her to Vernon Sorenson per request of my insurance

20  company.  They walked us across to Bakersfield Memorial Hospital.  They couldn't

    do X-rays at Vernon Sorenson.  The physician's assistant came into the room to
21  exam Alissa.  He kept asking "How did she fall mommy, and when did she fall?"  I

22  didn't know was exactly what I told him.  I told him she had been with the

    babysitter all day, and she didn't tell me anything other than she hadn't had a nap.
23  He advised me that her elbow was fractured.  They placed her arm in a splint, and

    advised me in the morning to go to the KMC fresh fracture clinic.  She was
24

1  discharged and we left, and went home to put the kids to sleep.  There was no
2  evidence to support child abuse occurred.

3  ## KERN COUNTY SOCIAL SERVICES GETS INVOLVED

4      18.   On July 10, 2007 Kern County Child Protective Services along with
5  Kern County Sheriff's Department showed up at my house.  They questioned me
6  and everyone adult in my home, and did background checks on everyone in the
   home.  They used physical force to gain access into my home stating they needed to
7  see the children, and do a search of the home.  They later informed me that they
8  would be detaining the children and provided me with informational packets on
   where to go to court at.

9      19.   Kern County Child Protective Services did not inform me that they
10 were intending to claim I failed to protect them from Jason Wood, my live in
   boyfriend at the time.  Jason and I were told by our public defenders that we were
11 pleading to failure to protect for leaving our children with a babysitter we barely
12 knew.  They told us that we would take some classes and everything would be fine.
   They didn't advise us that our daughter had fallen by the swimming pool railing, but
13 the court report states the babysitter told the Kern County Sheriff's Department she
14 fell by the railing.  Knowing this information would have explained our daughter's
15 injury instead of us not knowing how she was injured.

16     20.   The physician's assistant at Bakersfield Memorial Hospital claims the
   injury appeared to have happened days ago, and was concerned why I just brought
17 my child into the hospital.   Dr. George T Laven M.D., Medical Director stated in
18 his examination (Exhibit A) that he physically examined the child.  He noted no
   signs of child abuse, and noted that the injury was a little unusual because it would
19 imply some type of blow.  He also further noted that there were no signs of healing
20 from looking at the X-rays and the injury appeared to be fresh.

21
   ## WARRANTLESS REMOVAL
22

23     21.   On July 10, 2007 when Kern County Child Protective Services and
   Kern County Sheriff's Department showed up and unlawfully seized Christopher,
24 Alissa, and Katelyn from our home, without a warrant or court order.  Exigent

circumstances for removal did not exist as there existed no reasonable basis for believing that either Christopher, Alissa, or Katelyn were in imminent danger of suffering death or serious bodily injury within the time it would take to obtain a warrant.  CPS waited until almost three hours after us arriving home to show up, and question us.  They did not advise us of right to have a lawyer present, and instead insisted that we do as they say.

### CPS's Predictable Fraud Upon the Juvenile Court

22.    Following said unlawful seizure, on July 10, 2007, social worker Jason P. Montez filed three juvenile dependency petitions on behalf of Christopher, Alissa, and Katelyn, falsely alleging they came within the protection of Welfare and Institutions Code § 300. Specifically, Montez alleged that Christopher, Alissa, and Katelyn were at risk under subsections (a), (b).   The allegations set out in the petition are false, despite having been verified by social worker, Jason P. Montez, under penalty of perjury; and, he knew at the time he verified the petition that the statements contained therein were false either directly or by omission of critical exculpatory facts. Or, he didn't care whether the allegations were true or false, and made no effort, himself, to find out or otherwise investigate the truth of the matters stated, thereby demonstrating a reckless or callous indifference to the rights of Plaintiff and of his duty to tell the truth.  Mr. Montez and his co-worker Jennifer Weissburg maintain an opinion that Jason Wood harmed my children and that I failed to protect them from serious harm.  In fact Jennifer Weissburg told me in the courtroom hallway "I think your boyfriend did it and I think you're covering up for him.

Nonetheless, in keeping with the regularly established customs and usages of Kern County, he made the statements with an absolute disregard for their truth or falsity, and with an absolute disregard for the substantial rights of plaintiff.
Jason Montez filed a Social Study – Detentional report ("Detention Report"), setting forth the purported "evidence" supporting the false allegations contained in the Juvenile Dependency Petition mentioned above.  On information and belief Jason Montez signed the report and submitted it to the juvenile dependency court with the intention that it be accepted into evidence and relied on by the court in rendering its decisions.  Jason Montez intentionally suppressed evidence that Christopher, Alissa,

1  and Katelyn were, in fact, not suffering from child abuse, and not in imminent
2  danger of serious physical harm or illness. Montez also intentionally and knowingly
suppressed exculpatory evidence, including, without limitation, the true findings of
3  Dr. George Laven, A Miriam Jamison Children's Center. Plaintiff is informed and
4  believes and thereon alleges that the Juvenile Petition and the Detention Report
sought to fulfill the Defendants' intent to maintain a united front against Plaintiff
5  before the Juvenile Court, due to the uncertain nature of Alissa's injury and the lack
6  of any true evidence of wrongdoing. Plaintiff is further informed and believes and
thereon alleges that Social Worker Defendants fabricated evidence, cast Plaintiff in
7  a false light, and overstated the severity of the purported injuries to Alissa in order
8  to gain leverage against us.

9         23.    The above list is intended as exemplar in nature, and is by no means
intended to be exhaustive; it is illustrative only. There are numerous other lies set
10  out in the Detention Report which was, on information and belief, inserted into the
report solely for prejudicial effect, and irrespective of their lack of veracity.
11  Plaintiffs are informed and believe and on such basis allege that the lies and
12  suppression of exculpatory evidence by Montez were undertaken with a malicious
intent to injure Plaintiff, in that Jason Montez and other investigating social workers,
13  sheriff's deputies were frustrated with us and used fear to motivate our behavior
14  during interviewing process.

         24.    At the time the Juvenile Dependency Petitions were filed, Kern County
15  and DHS were in possession of no reasonable and/or articulable evidence giving rise
16  to a reasonable suspicion that Christopher, Alissa, and Katelyn were in imminent
danger of abuse or neglect, from Mr. Wood.
17
         25.    Plaintiff is informed and believes and thereon alleges that attorney,
18  Andrew Fester, of the County Counsel's office for Kern County, signed the above
19  referenced juvenile dependency petitions, certifying: "I have read and endorsed the
following petition." At the time Andrew Fester signed the juvenile petitions, he had
20  a duty to learn of and disclose to Plaintiff all evidence favorable to Plaintiff, i.e.
21  evidence that disfavors detention, including, but not limited to: (1) that Dr. George
Laven made material representations concerning the findings physician's assistant
22  David Riel. (2) that Alissa's exam contradicted the lies of physician's assistant
23  David Riel. (3) that Christopher, Alissa, and Katelyn had been removed without a
warrant and in the absence of exigent circumstances or parental consent; (4) that
24  prior to removal, Kern County CPS, that physician's assistant David Riel had

conspired to advance a set of "unequivocal" yet false reasons supporting removal to the Court. Plaintiff was not aware of the suppressed evidence.

### Events After CPS Involvement

26.    In April 2009, Alissa was injured while in the care of her foster parents. Despite having parental rights I was not notified of the emergency. Alissa showed up to a visit with stitches in the corner of her right lip, a bruise under her chin, and a bruise on her forearm (Exhibit B). The bruise on her arm seems suspicious for a fall out of a bathtub, but that's what the foster mom claimed happened. I questioned Jan Wheeler, the social worker, on why I was notified immediately and she said an investigation was done. I have never been provided with a copy of the investigation report. In fact, I was told I had no right to see the records. I gave my public defender a copy to give to the judge, and he never did.

27.    Since Sept 23, 2009 I have been trying to actively fight this injustice. I have contacted the Greater Bakersfield Legal Assistance, my local council members Dean Florez and Kevin McCarthy. I have also contacted a couple of private attorneys who have advised me that they don't take my kind of case. I have contacted the American Civil Liberties Union (ACLU), the American Bar Association, Ventura Bar Association, and the Kern County Bar Association. No one has been willing to do anything about this. On Mar 15, 2012 KGET 17 News contacted regarding their story "CPS Changes". The story was done by Rob Martin. Mr. Martin contacted me, and asked me if I knew they needed a warrant. I told him no. He asked me did they have a warrant. I told him no. He then asked me would I go on camera for their story, and I agreed. Later that day I went on air, and it aired at 6 p.m

28.    Plaintiff is informed and believes and thereon alleges that, in order, to hide these egregious misdeeds, Jan Wheeler, and/or others acting in concert, directed that Plaintiff not receive a copy of Alissa's medical records from CPS, despite my requests, and despite Plaintiff's statutorily guaranteed right of access to said records. *(See, Pers. v. Farmers Ins. Group of Cos.* (1997) *52* Cal.App.4th 813,*815;* Cal. Health & Safe Code § 123100; Cal. Evid. Code § 1158.) As a further consequence of said refusal to produce Alissa's medical records, I was disabled from effectively defending my daughter against Kern County CPS's

fraudulent juvenile dependency petition, which contributed to the unnecessarily prolonged detention of my children.   Records on the entire case have been provided to me by appellate attorney but not the investigation into her injury by foster parents.

29.    CPS has and imposes upon us has a "chilling effect" upon our human instinct to procreate, and bear children. That abuse of power is clearly unconstitutional.   After enduring 18 months with CPS involvement, I am now diagnosed with Anxiety Disorder.  My children have had to endure extreme emotional distress from being taken from me.  Our family members have experienced extreme emotional distress, and find it difficult to cope on a daily basis. I lost my house, my car, my job, and my relationships because of CPS involvement. I have been unable to work, go to school, or even find joy in normal daily activities. The last thing my son said to me was, "Mommy when you go to court tomorrow will you ask the judge for more minutes or tell him we want to come home". Instead of coming home my children were adopted.  Even though my home had already been approved, I was deemed financially unstable.  Despite receiving state disability 2 weeks after court, and receiving permanent disability less than 2 months later.

30.    Plaintiff is informed and believes and thereon alleges that it is the well known and widespread practice and/or custom of Kern County, and Kern County CPS to set forth allegations in Juvenile Dependency Petitions against parents claiming violations of WIC § 300, regardless of whether or not there is any reasonable and articulable evidence to support the claims. Plaintiff is further informed and believes and thereon alleges that it has been the policy, practice and/or custom of Kern County to overstate or "pad" the allegations in the Juvenile Dependency Petitions in order to coerce parents into accepting a plea deal down the road in exchange for the return of their children - even when the 'padded' allegations are totally untrue and lacking in any merit.

# FIRST CLAIM FOR RELIEF
## FOR VIOLATION OF FEDERAL CIVIL RIGHTS (42 U.S.C. § 1983)
## COUNT 1

**(Fourteenth Amendment - Familial Association, Privacy, Warrantless Seizure of Child and Unlawful Detention; By Plaintiff Against Kern County Child Protective Services, Bakersfield Memorial Hospital, David Riel, Kern County Sheriff's Department, Grace Abaya, Jennifer Weissburg, Jan Wheeler, Jason Montez,**

31.    Plaintiff realleges, and incorporates herein as if set forth in full, all of the preceding paragraphs above.   Plaintiff is informed and believes and thereon alleges that the right to be free from unreasonable searches and seizures and/or any unjustified separation from one's children is a right that is guaranteed under the Fourteenth Amendment to the United States Constitution. This right is so "clearly established" such that a reasonable social worker and/or police officer in defendants' situation would know it is unlawful to remove a child from the care, custody, and control of its parents or to question, threaten, examine, or search a child in the absence of exigent circumstances without first obtaining a warrant to do so.

32.    Commencing on July 10, 2007, and continuing to the present, **COMPLAINT FOR DAMAGES** County Defendants, Police Defendants (other defendants) inclusive, were acting under color of state law when they acted, or knew and agreed and thereby conspired, to unlawfully remove, detain, question, threaten, examine, investigate, and/or search Christopher, Alissa, and Katelyn. Defendants did so without proper justification or authority, and without probable cause, exigency, or court order. (See *Mabe v. County of San Bernadino* (2001) 237 F.3d 1101). Further, the actions of Defendants were taken with deliberate indifference to Plaintiffs rights.

33.    Defendants, and each of them, voluntarily collaborated, acted in concert, and maliciously conspired with the Kern County CPS and its social workers to violate the civil rights of the Plaintiff, including violation of Plaintiff's rights found in the Due Process Clause under the Fourteenth Amendment of the United States Constitution, by, but not limited to, removing, detaining and continuing to detain, Christopher, Alissa, and Katelyn from the care, custody, and control of their mother, Krystal Wood without exigent circumstances, and without providing adequate notice or an opportunity to be heard.

34.   Plaintiffs are informed and believe and thereon allege that these defendants voluntarily collaborated with and participated in the various actions undertaken by Kern County CPS and its social workers to ensure the warrantless seizure of Christopher, Alissa, and Katelyn, and their removal from Plaintiff's care. These defendants, and each of them, knew or should have known that Plaintiff's constitutional rights would be violated, inasmuch as there was no evidence that Plaintiff was putting Christopher, Alissa, and Katelyn in imminent danger of serious bodily injury or death - or any other danger for that matter. The acts of these defendants, and each of them, were wrongful and unlawful, and they knew it. Indeed, any government agent faced with similar circumstances would have known that it was wrongful and unlawful to seize Christopher, Alissa, and Katelyn, or to falsely cause their seizure, from the care of Plaintiff under the circumstances then present.

35.   The aforementioned acts of Defendants, and each of them, were undertaken knowingly, willfully, and maliciously with the intent to harm Plaintiff, or alternatively with a conscious disregard of Plaintiff's substantive rights, and did in fact result in severe harm to Plaintiff in an amount according to proof at trial.

36.   As a direct and proximate result of these Defendants' violations, and in accordance with 42 U.S.C. Section 1983, Plaintiff's civil rights have been violated in that she has suffered, and will continue to suffer, damages, including but not limited to, physical and/or mental anxiety and anguish, as well as to incur attorneys fees, costs and expenses in the underlying case and in this matter, as authorized by 42 U.S.C. section 1988 in an amount not yet ascertained, all of which shall be shown according to proof at trial.

37.   The wrongful conduct of Kern County Child Protective Services, Bakersfield Memorial Hospital, David Riel, Kern County Sheriff's Department, Grace Abaya, Jennifer Weissburg, Jan Wheeler, Jason Montez, as herein alleged was intentional, done with malice, and with a conscious disregard for the rights of the Plaintiff, and as a result of this despicable conduct, Plaintiff is therefore entitled to recover punitive damages from said Defendants only in an amount commensurate with the nature of the Defendants wrongful acts and the amount of the individual Defendants' wealth.

## COUNT 2

**(Fourteenth Amendment - Familial Association / Right to Be Free From Acts of Dishonesty in Juvenile Court Proceedings, i.e. Perjury, Fabrication of Evidence, Suppression of Exculpatory Evidence; By Plaintiff Against Kern County Child Protective Services, Bakersfield Memorial Hospital, David Riel, Kern County Sheriff's Department, Grace Abaya, Jennifer Weissburg, Jan Wheeler, Jason Montez.**

38.     Plaintiff realleges, and incorporates herein as if set forth in full, all of the preceding paragraphs above. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, there existed a clearly established due process right not to be subjected to false accusations on the basis of false evidence that was deliberately fabricated by the government, such that a reasonable agent in Defendants' situation would know it is unlawful to lie, fabricate evidence, and/or suppress material exculpatory evidence in court reports or any other document filed with the juvenile court to influence judicial decision making. In fact, Defendants, and each of them, had the affirmative and self evident duty to be truthful, accurate, and complete in providing information which they knew, or had reason to know would be repeated and treated as evidence in petitions, reports, and documents submitted to a sovereign Court with power to adjudicate substantial rights, including parental rights, and to refrain from using improper and deceptive means to obtain judicial sustention of recommendations seeking to disparage Plaintiff's liberty interests.

39.     James Sorena, public defender, assigned to me by the courts helped perpetuate these lies by advising me to commit perjury on the stand. In the beginning I was never given a chance to go to trial on the allegations. I was lied to by Mr. Sorena and other council members. I was never allowed to speak up in court or I could face going to jail or being removed from the courtroom. On Sept 23, 2009 Mr. Sorena told me that he was going to ask me some questions on the stand. He said that I would be required to state that Jason Wood hurt Alissa Jordan, but the evidence clearly showed that was not true. Alissa was injured while in foster care and he advised me that they were required by law to notify me. I had my parental rights still, but they did not notify me of the emergency. I provided him a copy of the photo of her injury and told him to give it to the judge, but he withheld the evidence from the judge. The Statue of limitations starts once you've figured out what statute of limitations applies to your case; your next step is to determine when the clock starts ticking. In most situations the time starts to run on the "date of

harm" -- that is, on the date when you were injured, your property was harmed, or a contract or agreement was violated.

However, a huge exception to this general rule exists. The exception protects plaintiffs in situations where they may not be aware for months or even years that they have been harmed. In such situations, statutes of limitations may start the clock ticking either on the "date of discovery" of the harm or on the date on which the plaintiff "should have discovered" the harm. In short, for some types of legal actions the statute of limitations clock can start ticking at three different times!

- Earliest: The date of harm.

- Later: The date on which the plaintiff reasonably should have discovered the harm. This refers to the date when a judge considers it fair to say that the plaintiff should have known about the harm, even if the plaintiff didn't actually know about it.

- Latest: The date on which the plaintiff actually discovered the harm.

I hereby state that Mar 15, 2012 is the first date that I became aware that an injustice occurred. I have until Mar 15, 2014. However, CPS and its employees do not have immunity to prosecution. I learned in Sept 2013 that I needed to file a federal lawsuit against the agencies that caused such injustices to occur.

N. Mariana Islands v. Bowie, 243 F.3d 1109, 1124-1125 (9th Cir. 2001). Due process is obstructed when government social workers commit fraud on the courts. Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A.; U.S.C.A. Const Amend. 5. Klugh v. U.S., 620 F. Supp. 892 (D.S.C. 1985). "Long ago, the United States Supreme Court held that the knowing use of false or perjured testimony and/or the deliberate suppression of exculpatory evidence violates due process. Napue v. Illinois, 360 U.S. 264, 269 (1959); 1944 hazel Glass v. Hartford Empire that fraud upon the court in these kinds of cases left them open until that was cured.

40.    Kern County Child Protective Services, Bakersfield Memorial Hospital, David Riel, Kern County Sheriff's Department, Grace Abaya, Jennifer Weissburg, Jan Wheeler, Jason Montez knew or should have known that by presenting false allegations and evidence to CPS, and conspiring to gin-up an "unequivocal" set of reasons for removing Plaintiff's children from her care, would lead to the deprivation of Plaintiff's civil rights. Said doctor defendants also knew or should have known, by virtue of their work as medical professionals that the information they provided to CPS workers would ultimately be relied upon by the Juvenile Court in adjudicating substantial rights of parties, including parental rights. Said Defendants, like any reasonable person, knew or should have known that

1  Plaintiff had a constitutionally protected right not to be lied about in such
2  consequential judicial proceedings.

3      41.    In doing the things alleged hereinabove, Defendants, and each of them,
4  voluntarily collaborated, acted in concert, and conspired to violate the above
   identified rights of the Plaintiffs, including violation of Plaintiffs' rights found in the
5  Due Process Clause under the Fourteenth Amendment of the United States
6  Constitution by, but not limited to, presenting false allegations, false or coerced
   testimony, fabricated evidence, and/or suppress exculpatory evidence, before the
7  Juvenile Court, thereby violating Plaintiff's rights found in the First, Fifth and
8  Fourteenth Amendment to the United States Constitution and breaching their duty
   to Plaintiff Wood.
9

10     42.    In so doing, Defendants, and each of them, were acting under color of
   State law. They did these things without proper justification or authority. Further,
11 Defendants' actions were taken with deliberate indifference to Plaintiffs' due process
12 rights, and in conscious disregard of Plaintiffs' right to not be lied about by
   government agents in any court proceeding where substantial rights were at stake.
13 Defendants, and each of them, maliciously conspired to violate the civil rights of
14 Plaintiffs, including violation of Plaintiffs' rights found in the Fourteenth Amendment
   of the United States Constitution by the use of coercion and duress to obtain
15 evidence and testimony, and by maliciously falsifying evidence, and presenting
16 fabricated evidence to the court, and maliciously refusing to provide exculpatory
   evidence during the pendency of the dependency proceedings.
17

18     43.    As the direct and proximate result of the aforementioned actions of
19 Kern County Child Protective Services, Bakersfield Memorial Hospital, David Riel,
   Kern County Sheriff's Department, Grace Abaya, Jennifer Weissburg, Jan Wheeler,
20 Jason Montez and each of them, Plaintiff has suffered, and will continue to suffer,
   physical, mental, and emotional injury, all to an extent and in an amount subject to
21 proof at trial. Plaintiff has also incurred, and will continue to incur, attorney's fees,
22 costs and expenses, including those authorized by 42 U.S.C. Section 1988, to an
   extent and in an amount subject to proof at trial.   On information and belief, said
23 defendants, and each of them, acted with malice and with the intent to cause injury
24 to Plaintiff, or acted with a willful and conscious disregard of the rights of Plaintiff

1  in a despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an
2  award of punitive damages for the purpose of punishing Defendants and to deter
   them and others from such conduct in the future.
3

4                                        **PRAYER**
5
6  WHEREFORE, Plaintiff prays for judgment against DEFENDANTS as
   follows:
7
         1.      Plaintiff demands a jury trial as to the issues so triable;
8        2.      General damages and special damages according to proof, but in no
   event less than $1,000,000;
9
         3.      As against only the individual defendants and not any municipality,
10 punitive damages as allowed by law;
         4.      Attorneys fees pursuant to 42 U.S.C. § 1988, and any other appropriate
11 statute;
12       5.      Injunctive relief, both preliminary and permanent, as allowed by law,
   (including preliminary injunctive relief based upon a separate
13 application to be filed after the presentation of evidence at trial);
14       6.      Costs of suit incurred herein; and
         7.      Such further relief as the Court deems just and proper.
15

16

17

18

19
   Dated:  3/15/14                              Krystal Wood, Pro Se
20
                                                x _Krystal Wood_
21

22
                                                Jason Wood, Pro Se
23

24

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

__East__ District of __California__

| | |
|---|---|
| _Krystal Wood_ | ) |
| _Plaintiff_ | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| _Kern County Child Protective Services_ | ) |
| _Defendant_ | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Kern County Child Protective Services
100 E. California Ave
Bakersfield, Ca
93301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Krystal Wood
1200 38th St Apt 113
Bakersfield, Ca 93301

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                    *Signature of Clerk or Deputy Clerk*

Attachment 3

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

East District of California

| | |
|---|---|
| Krystal Wood | ) |
| _Plaintiff_ | ) |
| | ) |
| v. | )   Civil Action No. |
| | ) |
| Kern County Sheriff's Department | ) |
| _Defendant_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_

Kern County Sheriff's Department
1350 Norris Rd
Bakersfield Ca 93308

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Krystal Wood
1200 38th St Apt 113
Bakersfield Ca
93301

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____          _____
                                                     _Signature of Clerk or Deputy Clerk_

Attachment 3

# UNITED STATES DISTRICT COURT

for the

East District of California

| | | |
|---|---|---|
| Krystal Wood | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| Kern County Child Protective Services | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Bakersfield Memorial Hospital
420 34th St
Bakersfield, Ca 93301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Krystal Wood
1200 38th St Apt 113
Bakersfield, Ca
93301

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____     _____
                                                     *Signature of Clerk or Deputy Clerk*

Attachment 3

# UNITED STATES DISTRICT COURT

for the

East District of California

| | |
|---|---|
| Krystal Wood <br> *Plaintiff* | ) ) ) |
| v. | ) Civil Action No. |
| Kern County Child Protective Services <br> *Defendant* | ) ) ) ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

David Riel
300 Old River Rd ste 150
Bakersfield, Ca
93311

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Krystal Wood
1200 38th St Apt 113
Bakersfield, Ca
93301

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

Attachment 3

# UNITED STATES DISTRICT COURT
### for the

East District of California

| | |
|---|---|
| Krystal Wood | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| Kern County Child Protective Services | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Grace Abaya
100 E. California Ave
Bakersfield, Ca
93301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Krystal Wood
1200 38th st Apt 113
Bakersfield, Ca
93301

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

Attachment 3

# UNITED STATES DISTRICT COURT

for the

East District of California

| | |
|---|---|
| Krystal Wood | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| Kern County Child Protective Services | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Jennifer Weisburg
2100 College Ave
Bakersfield, Ca
93305

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Krystal Wood
1200 38th St Apt 113
Bakersfield, Ca
93301

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

Attachment 3

# UNITED STATES DISTRICT COURT

for the

East District of California

| | | |
|---|---|---|
| Krystal Wood | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| Kern County Child Protective Services | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Jan Wheeler
3041 Wilson Rd
Bakersfield, Ca 93304

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Krystal Wood
1200 38th St Apt 113
Bakersfield, Ca
93301

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

Attachment 3

# UNITED STATES DISTRICT COURT

for the

East District of California

| | |
|---|---|
| Krystal Wood | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) Civil Action No. |
| Kern County Child Protective Services | ) |
| *Defendant* | ) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
　　　　Jason Montez
　　　　100 E. California Ave.
　　　　Bakersfield, Ca 93304

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

　　　　Krystal Wood
　　　　1200 38th St Apt 113
　　　　Bakersfield, Ca
　　　　　　　　93301

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　*Signature of Clerk or Deputy Clerk*

Attachment 3